# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RAUL AGUILAR, III, | Case No. 16-CV-4113 (JRT/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MINNESOTA STATE UNIVERSITY - MOORHEAD, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

Plaintiff Raul Aguilar, III brought this lawsuit alleging that his former employer, Defendant Minnesota State University - Moorhead, discriminated against him on the basis of his race by terminating him. Because Aguilar is proceeding *in forma pauperis* ("IFP"), see [Docket Nos. 1, 3], his Complaint is subject to 28 U.S.C. § 1915(e)(2)(B), which provides that

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal     (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

See also, Carter v. Schafer, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

As pointed out in this Court's February 17, 2017, Order giving Aguilar leave to file an Amended Complaint, Aguilar's allegations of discrimination are entirely conclusory and speculative. (Order [Docket No. 7]). The Complaint itself says little more than that Aguilar believes that the university "discriminated against my race or color . . . ." (Compl., [Docket No. 4], at ¶ 1). Aguilar does include as an attachment to the Complaint a copy of the administrative charge filed with the Minnesota Department of Human Rights following his termination, but even if this document were to be regarded as part of Aguilar's pleading, it too contains little except conclusory allegations; the only factual allegation buttressing the claim of discrimination is that Aguilar "was not notified of a key box malfunction and [was] prevented from doing [his] job." (Attachment, [Docket No. 4-1], at 1). The document makes clear that Aguilar believes there is a connection between his race or ethnicity, this episode of being prevented from doing his job, and his eventual termination, but Aguilar does not include any other factual allegations from which a fact finder could conclude that

Aguilar's race, ethnicity, or color was a factor in the termination decision.[1]  As currently plead, Aguilar's discrimination claim does not rise above the speculative level.

This Court cautioned Aguilar that if he did not file an Amended Complaint by March 19, 2017, it would be recommended that this matter be dismissed without prejudice for failure to state a claim on which relief may be granted.  (See, Order [Docket No. 7], at 3).  That deadline has now passed, and Aguilar has not submitted an Amended Complaint supplementing or displacing his original pleading.  Accordingly, and for the reasons explained above, this Court recommends dismissal of this action.  Because repleading of the Complaint would not necessarily be futile, it is recommended that this action be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 31, 2017                         s/Leo I. Brisbois
                                              Leo I. Brisbois
                                              United States Magistrate Judge

---

[1]The administrative document also ostensibly suggests that Aguilar believes he may have been fired in retaliation for pursuing his discrimination allegations with the human-resources department at Minnesota State University - Moorhead. (See, Attachment, [Docket No. 4-1], at 1).  However, Aguilar's Complaint does not mention a retaliation claim, and thus that claim is not properly before the Court.  Dismissal without prejudice will permit Aguilar to pursue both discrimination and retaliation claims in a future action.

**<u>NOTICE</u>**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.